# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-40402
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
April 3, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHRISTOPHER BRYAN JONES,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:22-CR-112-2

————————————————————

Before BARKSDALE, STEWART, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Christopher Bryan Jones challenges his 78-months' sentence, imposed following his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He contends the district court engaged in impermissible double counting by using his prior felony conviction for robbery both as the predicate offense for his felon-in-

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

possession conviction and to enhance his base offense level under Sentencing Guideline § 2K2.1(a)(4)(A) (quoted *infra*).

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The Guidelines instruct the district court to apply a base offense level of 20 if defendant "committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a crime of violence". U.S.S.G. § 2K2.1(a)(4)(A). Accordingly, the court set Jones' base offense level at 20, because robbery is the requisite crime of violence pursuant to Guideline § 4B1.2(a)(2) (defining "crime of violence").

As a threshold matter, it is not clear that the court even engaged in double counting. Jones' robbery conviction was one of seven felonies identified in the presentence investigation report as predicate offenses for the felon-in-possession conviction. There is nothing in the record indicating the Government relied solely on the robbery conviction as the predicate offense to the exclusion of his six other predicate-offense-eligible felony convictions.

In any event, if the application of Guideline § 2K2.1(a)(4)(A) amounted to "double counting", that practice is permitted unless "the particular Guideline at issue expressly" prohibits it. *United States v. Luna*, 165 F.3d 316, 323 (5th Cir. 1999); *see also United States v. Hawkins*, 69 F.3d

11, 13–15 (5th Cir. 1995) (predicate offense underlying § 922(g)(1) conviction can also be used to enhance defendant's sentence based on his criminal-history score).  As our court noted in *Hawkins*, calculating defendant's base offense level necessarily involves considering one of his or her prior felony convictions "[b]ecause one of the elements of the crime of possession of a firearm under § 922(g)(1) i[s] that the defendant have a prior felony conviction".  69 F.3d at 15.

AFFIRMED.